# Long *v.* Campbell *et al.*

### *Bill in Equity to have Deed of Assignment declared Fraudulent and Void.*

1. *Creditor's bill to declare void deed of assignment; to what property lien attaches.*—The lien acquired by the filing of a bill by a creditor without a lien, for the purpose of setting aside a conveyance by his debtor, upon the ground of fraud, attaches only to the property embraced in the fraudulent deed or conveyance, and does not attach to any property excepted from the operation of said deed.

2. *Fraudulent conveyance; deed of assignment to be void must be fraudulent in its inception.*—To declare a deed of assignment void by reason of fraud, it must be shown that fraud entered into the assignment at the time of its execution, since no subsequent acts of the party can invalidate an assignment; and, therefore, if a deed of assignment, made by a creditor for the benefit of his debtors, was in its inception *bona fide* and free from fraud, collusive acts of the grantor and assignor subsequent to its execution will not render such a deed void.

3. *Deed of assignment; not fraudulent by excepting therefrom homestead of grantor.*—A deed of assignment in which the grantor conveys all of his property of every kind and description "except his homestead in which he now resides," is not rendered fraudulent by reason of such exception. Such exception is not such a reservation of benefit to the debtor as avoids a conveyance by him; and by such exception the homestead is not conveyed and is subject to legal process by the creditors of the grantor just as it was before the making of the deed of assignment.

4. *Equity pleading; cross appeal necessary to review rulings adverse*

23c

[Long v. Campbell *et al.*]

*to appellee.*—On an appeal from a decree of the chancery
court, a cross appeal or cross assignments of error by the ap-
pellees are necessary for the appellees to have any rulings of
the court adverse to them reviewed by the Supreme Court.

APPEAL from the Chancery Court of Lauderdale.
Heard before the Hon. WILLIAM H. SIMPSON.

The bill was filed by the appellant, John S. Long,
a simple contract creditor, against William P. Campbell
and William T. Price, his assignee, and sought to set
aside as fraudulent and void a certain deed of general
assignment made by said Campbell in August, 1890, to
William T. Price, as assignee, and to enforce a lien in
behalf of the complainant on the property embraced
in the deed of assignment. The assignee having died
pending the suit and his estate being insolvent, the case
was revived against Samuel S. Broadus, the receiver
of the said estate, appointed by the United States court.
After the death of the assignee an amended bill was
filed praying for the appointment of a receiver of the
assigned estate, but no action was taken by the court,
and afterwards S. S. Broadus was appointed receiver
by the United States court in the case of the Louisville
Banking Company against W. P. Campbell, and an
amendment to the original bill in this case was filed
making him a party.

The original and amended bill show that W. P.
Campbell, who was engaged in the business of a private
banker at Florence, on the 30th August, 1890, made a
deed of general assignment to William T. Price as as-
signee. Price had been the confidential clerk and
cashier of Campbell in his banking business for sev-
eral years, and was wholly insolvent. The bill alleges
that there was no change of possession of the assigned
estate, but that W. P. Campbell continued in the sole
possession, management and control of the same as
fully after the assignment as before. It alleges that
he collected and disbursed the assets of the assigned
estate as he saw proper, paying and compromising with
certain creditors and leaving others unpaid; that at
the time of his assignment he was indebted to complain-
ant in the sum of five thousand dollars by written guar-

anty. The facts briefly averred as to this indebtedness were as follows: On the 2d of April, 1890, the Foster Manufacturing Company, a corporation engaged in business at Florence, executed to complainant its two notes for five thousand dollars, each payable respectively in 90 days and four months. These notes were given in renewal of notes of similar amount executed by the said Foster Manufacturing Company, payable to F. H. Foster, and by him endorsed to complainant. These notes were not paid on maturity, and complainant agreed to an extension of 90 days and 4 months provided they were endorsed by all of the directors of the Foster Manufacturing Company, among whom was W. P. Campbell, who was then a private banker enjoying high credit. Said Campbell was not only director, but a large stockholder of the corporation, and in addition to his own stock had a large amount of stock of the company pledged with him for debts due by F. H. Foster and the company. After some negotiations it was agreed that all the directors except Campbell should endorse the two notes, Campbell making a written agreement that he would pay the note at maturity at 4 months if the company failed to do so. A copy of this written agreement is attached as an exhibit to the bill. Default was made in the payment of the note, and Campbell having failed in business in the meanwhile, declined to pay as he had agreed. The bill alleges that the deed of assignment was fraudulent on its face as well as made to hinder, delay and defraud creditors; that by the express terms of the deed Campbell excepted from its operation the homestead in which he then lived, which complainant alleges was of great value, worth at least ten thousand dollars. The deed of assignment, which was attached as an exhibit to the bill, was as follows down to the *habendum* clause: "This deed of conveyance, executed at Florence, Alabama, on the 30th day of August, 1890, by and from William P. Campbell, party of the first part, to and with Wm. T. Price, party of the second part, witnesseth: That whereas said party of the first part in the transaction of the business as a banker at Florence, Alabama, under the firm name of W. P. Campbell & Co., has become in-

[Long v. Campbell *et al.*]

volved to such an extent that he is not able to meet his obligations as they mature, and is anxious to provide for the payment of all amounts due by him to his creditors: Now, in consideration of the premises, and the payment of one dollar cash in hand by said party of the second part to said party of the first part, the receipt whereof is hereby acknowledged, said party of the first part does hereby give, grant, bargain, sell and convey to said party of the second part all of the property, real, personal and mixed, held, owned or possessed by said party of the first part, whether in his individual name or in his firm name of W. P. Campbell & Co., or jointly with others, including all notes, accounts and evidences of debt, and every species of property whatever, except his homestead in which he now resides." The bill then averred that this reservation of property, which was far in excess of the exemption allowed by law, made the deed fraudulent and void as to creditors. The bill further averred that no inventories or schedules were ever filed by the assignee of Campbell, that Campbell collected and appropriated the assets to his own use, and that no dividend was ever declared; that at the time of the assignment the property was considered of great value, about $200,000; and that no settlement of any kind was made by the assignee with the creditors and the assignee died insolvent. It is alleged that Price was a mere dummy; Campbell exercising full control and dominion over the estate, and collecting and appropriating the assets to his own use or in the settlement of certain favored claims. The bill avers that the said assignee was merely nominally the assignee, but that "yet in fact and in truth he has since the said deed was executed continued to be as he was prior to that time, merely the clerk of W. P. Campbell, exercising no more control since than he did before its execution over the property or assets of said W. P. Campbell, and takes no action except as directed and controlled by the said William P. Campbell." The bill further alleges that although expressly required by the pretended deed of trust to employ clerical aid and make accurate schedule of the assets and liabilities of the

said Campbell, the said assignee failed and refused to comply with the provisions of the deed or to file schedule as required by law in the probate and chancery courts of Lauderdale county, and that the failure to so comply with the requirements of the deed and the provisions of law was to aid the said Campbell and to benefit him; that the creditors of the estate have been kept in complete ignorance of the condition of the estate and to enable the said Campbell to speculate upon the creditors.

The prayer of the bill was as follows: "That the said defendants may make a full and true discovery and disclosure of and concerning all and singular the transactions and matters aforesaid; that the deed in this bill mentioned from Wm. P. Campbell to William T. Price, of date August 30, 1890, be declared void and may be vacated and annulled; and that it be referred to the register to take and state an account of what would be a reasonable attorney's fee for collecting said note and a decree rendered in favor of orator for the amount of said note, made exhibit A to this bill, and a lien declared in favor of orator on so much of the property in said deed described as may be necessary to discharge orator's claim or on the homestead of said W. P. Campbell before described, and a sufficient amount of said property in said deed mentioned or shown to have come into the hands of said William T. Price as such pretended assignee, or trustee, necessary to discharge orator's claim be sold, or that said homestead be sold for payment of same."

An answer was filed by Campbell and Price. The execution of the agreement or guaranty was admitted. It was claimed, however, that after the endorsement of the note guaranteed the words "we hereby waive all exemption" was interpolated. In the language of the answer it was alleged "that after the notes went into the hands of the complainant the writing on the back of the said note was so altered as to discharge said endorsers from liability without the consent of the said Campbell, thereby discharging him." All fraud was denied. It was claimed that the exemption of the homestead was simply intended to reserve such homestead

as the law exempted. It was alleged that Campbell's control of the property after the assignment was with the consent of certain creditors expressed at a meeting held after the execution of the deed. It was admitted that Campbell had purchased, property, settled or compromised with certain creditors and exercised control over the assigned estate, and that no schedules were filed.

A demurrer to the effect that the guaranty showed no consideration and was, therefore, void under the statute of frauds was interposed, and this demurrer was overruled by the court.

S. S. Broadus, as receiver, filed an answer and demurrer to the original and amended bills.

The seventh ground of demurrer filed by Broadus was that the bill as amended failed to show any legal or equitable ground why the complainant should be preferred in the payment of the debt alleged to be due by Campbell over the other creditors of said Campbell. It is unnecessary to set out in detail the facts as adduced.

On the submission of the cause on the pleadings and proof, the chancellor decreed that the defendant, W. P. Campbell, was indebted to the complainant on account of his guaranty to pay the note of the F. H. Foster Manufacturing Company; that said guaranty was not within the meaning of the statute of frauds, and that he was not released and discharged because of the entry of the clause waiving exemptions, this having been done with Campbell's knowledge and consent; that it does not appear that the execution and acceptance of the deed of assignment was intended to hinder, delay or defraud the creditors of W. P. Campbell; that the subsequent mismanagement and squandering of the assets of the assignor and assignee at most only gave the creditors the right in equity to have the property placed in the hands of a receiver of the court for preservation and proper application; that the exception from the deed of assignment of the assignor's homestead did not render said deed invalid, and the complainant is entitled to no lien thereon. It was also

decreed that the seventh ground of demurrer interposed by Broadus as receiver be sustained. It was further ordered that a reference be held by the register to ascertain and report the amount due complainant from the defendant. This reference was held and the register made his report of the amount due from W. P. Campbell. Before the hearing of this report, W. P. Campbell filed his plea setting up that he had been adjudged a bankrupt. Thereupon the chancellor rendered his decree suspending the further proceedings until the Supreme Court, to which had been appealed the case in which he had been adjudged a bankrupt, should render its decision in said case.

The complainant appeals and assigns as error the decree declaring that the deed of assignment was void, and that the complainant was entitled to no lien, and assigns the rendition of this decree as error.

EMMET O'NEAL and THOMAS R. ROULHAC, for appellant.—That the bill in this case, and the testimony taken in support of it, clearly demonstrate the illegal and fraudulent disposition of the property embraced in the assignment; the continued control and disposition of the property by the assignor, the debtor; the use of the property to pay certain creditors, to the exclusion of others, equally as valid and meritorious; the disappearance of the assets of the trust fund; the absence of security on the part of the assignee named in the deed, and his failure to exercise his functions and discharge his duties as assignee; and the reservation by the debtor, for his own benefit, of valuable property rights over and above the exemptions allowed by law, is too plain for discussion. The deed, on its face, establishes, in connection with the undisputed proof of the value of the property, the excessive reservation of exemptions. All of these are elements and *indicia* of fraud; each of them sufficient in itself to entitle the complainant below to the protection of a court of equity; and that of the reservation of any interest, beyond that, in quantity and value, which the law confers as exempt from the collection of debts, is a conclusive one. And this is so notwithstanding the most solemn assevera-

[*Long v. Campbell et al.*]

tions of an absence of any intent to defraud, on the part of the debtor; because such a reservation necessarily has the effect of hindering and delaying the creditor; and because it operates for the benefit of the debtor, when his deed purports to yield up his estate for the benefit of his creditors.—*Bowman v. Draughan,* 3 Stew. 243; *Pulliam v. Newbury,* 41 Ala. 168; *Terrell v. Green,* 11 Ala. 213; *Tatum v. Hunter,* 14 Ala. 537; *Corprew v. Arthur,* 15 Ala. 531; *Huggins v. Perrine,* 30 Ala. 396; *Rives v. Walthall,* 38 Ala. 329; *Lukins v. Aird,* 73 U. S., (6 Wall.) 78; *Howe Machine Co. v. Claybourn,* 6 Fed. Rep. 440.

Wherever the deed of assignment contains any provision for the benefit of the assignor, or his family, which thereby deprives the creditors of anything, to which the law entitles them, such deed is construed to be void on its face.—*Gazzam v. Poyntz,* 4 Ala. 374; *Henderson v. Downing,* 24 Miss. 106; *Holmes v. Marshall,* 78 N. C. 262; *Moore v. Hinnant,* 89 N. C. 455; *Gardner v. Commercial Bank,* 95 Ill. 298.

SIMPSON & JONES and JOHN T. ASHCRAFT, *contra.* No fraud or collusion between Campbell and Price is shown to have entered into the execution and acceptance of the deed of assignment, and, even if there was subsequent collusion between them, it could not affect the security of creditors by virtue of said deed.—*Tompkins v. Wheeler,* 16 Pet. U. S. 119; *Martin v. Funk,* 31 Am. Rep. 677; *Klapp v. Shirk,* 13 Pa. St. 589; 1 Am. & Eng. Ency. of Law, (1st ed.), 869.

The exception in the deed does not make an excessive claim, being intended only to save to himself a legal homestead and to show his right by asserting his residence; but an excessive claim of homestead exemption does not constitute a fraud upon creditors.—Code, § 2046; *Kennedy v. First National Bank,* 107 Ala. 170; *Richardson v. Stringfellow,* 100 Ala. 416; 3 Am. & Eng. Ency. Law (2d ed.), 43; *Lawrence v. Norton,* 15 Fed. Rep. 853; *Frank v. Myers,* 97 Ala. 437.

DOWDELL, J.—In a bill by a creditor without a lien filed for the purpose of setting aside a conveyance

by his debtor on the ground of fraud (Code, § 818), the lien acquired by the filing of the bill attaches only to the property embraced in the fraudulent deed or conveyance.

If the deed of assignment from Campbell to Price, made for the benefit of the grantor's creditors, was in its inception *bona fide* and free from fraud, collusive acts of the grantor and assignee subsequent to its execution would not render it void. "The fraud must have entered into the assignment at the time it was made. No subsequent acts of the parties can invalidate an assignment made *bona fide*."—1 Am. & Eng. Ency. Law (1st ed.), 869, and notes citing authorities. The deed of assignment conveyed all of the grantor's property of every kind and description "except his homestead in which he now resides." It is contended by counsel for appellant that this was such a reservation of benefit to the debtor grantor as would avoid the conveyance. It is perfectly clear that by this exception in the deed, the homestead was not conveyed. It is equally clear that the property excepted from the deed and not conveyed, was subject to legal process by the creditor just as it was before the making of the deed of assignment. There was nothing in the deed to hinder or delay the creditor in taking any legal proceeding to subject the excepted property to the payment of his debt, which he had prior to its execution. There is a plain and evident distinction between the reservation of a benefit and an exception in a deed of assignment. The reservation, that taints the deed and avoids the conveyance, whether expressed in the contract or secretly made, is one of benefit to the grantor in the property conveyed. There was no such reservation in the present case; no benefit was reserved to the grantor in anything conveyed.—*Frank et al. v. Myers et al.,* 97 Ala. 437. There is nothing in the face of the deed to render it void. The chancellor's finding that there was no actual fraud in the transaction at the time of the execution of the deed of assignment, we think is fully supported by the evidence. Incapacity, or mismanagement of the trust estate, on the part of the assignee, was ground for his removal as trustee, at the instance

of the creditor, but not ground for avoiding the deed of assignment.

The question as to the validity of the complainant's claim, which is discussed at length by counsel for appellees, is not properly before us for consideration on this appeal. There is neither a cross-appeal, nor cross-assignments of error by appellees, and in order for the appellees to have any rulings of the court adverse to them, reviewed here, it was necessary for them to prosecute an appeal, or to cross-assign errors under the rules.

The decree of the chancellor is affirmed.